IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO PUENTE REYNA and MIGUEL CUEVAS on behalf of themselves individually and ALL OTHERS SIMILARLY SITUATED | § § § § § | |
| | § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § § | COLLECTIVE ACTION (JURY TRIAL) |
| BORE COMPANY, LLC | § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Bore Company, LLC (herein after collectively referred to as "Bore" and or Defendant) does not pay their Machine Operator-Supervisors and Manual Laborers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Bore pays its Machine Operator-Supervisors a salary and its Manual Laborers straight pay, not time and a half, for all hours worked over forty (40), in a regular work week. Because these workers are nonexempt employees under the FLSA, Francisco Puente Reyna, Miguel Cuevas and the other Machine Operator-Supervisors and Manual Laborers are entitled to recover unpaid overtime as well as other damages.

2. Bore has a policy, enforced at all its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half for hours worked above forty (40) per week.

3. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent

1

company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Bore who maintained a uniform pay policy denying overtime wages to its Machine Operator Supervisors and Manual Laborers.

6. Defendant, Bore employed Plaintiffs and putative class members in San Antonio, Texas; Houston, Texas; Baton Rouge, Louisiana and other locations throughout the United States.

7. Defendant managed Plaintiffs and putative class members throughout the course and scope of their employment.

8. Putative class members are all similarly situated Machine Operator-Supervisors and Manual Laborers who were paid straight pay or a salary instead of time and a half for hours worked above forty (40) per week during the past three years.

## JURISDICTION AND VENUE

9. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper because a substantial portion of the events forming the basis for this suit occurred in the Southern District of Texas.

## PARTIES

11. Francisco Puente Reyna, Plaintiff, resides in Harris County, Texas and worked for Bore as a Machine Operator-Supervisor. His written consent is attached.

12. Defendant Bore Company LLC. is a Georgia Limited Liability Company, doing business at locations throughout Texas. It may be served with process through its Registered Agent, Riley James Buice at 2572 Elliot Family Pkwy, Dawsonville, Georgia 30534.

13. Plaintiff Francisco Reyna was a Machine Operator-Supervisor who performed work for Bore in Baton Rouge, Louisiana; San Antonio, Texas and Houston, Texas from February 2017 to October 2017.

14. Mr. Reyna was paid a salary of $1,700 per week and was required to wear a company uniform that consisted of a T-shirt with the Bore name and logo.

15. Mr. Reyna worked seventy hours per week while employed by defendant.

16. Mr. Reyna did not have the ability to hire and fire employees and his primary job duties consisted of performing manual labor tasks such as excavating, laying pipes, welding pipes, cleaning up the work site, and moving heavy equipment around the work sites.

17. The type of work performed by Plaintiff Reyna was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime and minimum wage under the FLSA.

18. Plaintiff Miguel Cuevas was a Manual Laborer who performed work for Bore in Baton Rouge, Louisiana; San Antonio, Texas and Houston, Texas from June 2017 to September 2017.

19. Mr. Cuevas was paid $17 per hour for all work performed, including his overtime hours.

20. Mr. Cuevas was required to wear a uniform that consisted of a T-Shirt with the Bore name and logo printed on it.

21. Mr. Cuevas' primary job duties consisted of performing manual labor tasks such as excavating, laying pipes, welding pipes, cleaning up the work site, and moving heavy equipment around the work sites. The type of work performed by Plaintiff Cuevas was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime and minimum wage under the FLSA.

22. The "FLSA Class Members" are all Machine Operator-Supervisors and Manual Laborers who performed work for Bore at all locations throughout the United States, were not paid time and a half for overtime hours worked, were denied minimum wage in the last 3 years.

FACTS

23. Plaintiffs, Francisco Puente Reyna Miguel Cuevas were employees at Bore Company LLC.

24. Defendant Bore is engaged in the business of tunnel construction.

25. Both Plaintiffs' primary job duties were to excavate dirt to make tunnels, lay cement, lay pipes, weld pipes, and perform any other duty required by Defendant.

26. Plaintiffs were not an independent contractors.

27. No exemption to the provisions of the FLSA excused Defendant from their obligations under the FLSA to pay Plaintiffs time and a half for all the hours worked over forty (40), in a regular work week, while employed by Defendant.

28. Bore paid Plaintiff Francisco Puente Reyna a salary instead of time and a half for the hours he worked above forty (40) during his employment with Defendant.

29. Bore paid Plaintiff Miguel Cuevas straight time, instead of time and a half for the hours above forty that he worked each week.

30. Plaintiffs were a manual laborers who performed work involving repetitive operations with their hands, physical skill and energy.

31. Plaintiffs and similarly situated individuals are "blue collar workers," not "white collar workers" as the term is defined under Section 13(a)(1) of the FLSA.

32. Plaintiffs and similarly situated individuals do not meet the FLSA Part 541 exemptions because they perform manual labor and therefore do not meet the duties test.

33. Plaintiffs' primary duties were to excavate land, lay cement, lay pipes, and to weld pipes.

34. The work performed by Plaintiff was an integral and essential part of the services provided by Defendant.

35. Defendant relied upon its Machine Operator-Supervisors and Manual Laborers to perform this work.

36. Defendant Bore determined where it's Machine Operator-Supervisors and Manual Laborers worked and how they performed their duties.

37. Bore hired, fired and supervised their Machine Operator-Supervisors and Manual Laborers.

4

38. Defendant set the Machine Operator-Supervisors and Manual Laborers' hours and requires them to report to work on time and leave when they have completed their assigned work.

39. Bore's Machine Operator-Supervisors and Manual Laborers at all locations work exclusively for Bore since they work between 70-80 hours a week and as a practical matter, they cannot work anywhere else.

40. Machine Operator-Supervisors and Manual Laborers are not permitted to hire other workers to perform their jobs for them.

41. Machine Operator-Supervisors and Manual Laborers do not employ staff, nor do they maintain independent places of business.

42. Machine Operator-Supervisors and Manual Laborers cannot earn a "profit" by exercising managerial skill, and their hours and assignments are determined by Bore.

43. Plaintiffs and putative class members regularly worked more than 40 hours in a workweek; Defendant paid them straight time or a salary and did not pay them time and a half for the overtime hours that they worked.

44. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

45. In addition to Francisco Puente Reyna and Miguel Cuevas, Defendant employed approximately one thousand (1000) Machine Operator-Supervisors and Manual Laborers at the locations where Plaintiffs worked and numerous other locations throughout the United States. These Machine Operator-Supervisors and Manual Laborers worked over forty hours per week and were paid straight time or a salary instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected the same unlawful pay policies. The FLSA Class Members are similarly situated to Francisco Puente Reyna and Miguel Cuevas.

46. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All Machine Operator-Supervisors and Manual Laborers at any Bore location in the United States, who were not paid time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

47. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

48. By failing to pay Plaintiffs and the FLSA Class Members overtime at one and one-half times their regular rates, Bore violated the overtime provisions of the FLSA, 29 U.S.C. §207.

49. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs.

50. Bore owes Plaintiffs and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

51. Bore knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiffs and the FLSA Class Members is willful.

52. Defendant Bore, as part of its regular business practices, has intentionally, willfully and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis, as described above.

53. Bore owes Plaintiffs and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

54. Plaintiffs and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

55. Plaintiffs FRANCISCO PUENTE REYNA and MIGUEL CUEVAS on behalf of themselves and all other similarly situated employees make a formal demand for jury trial in this matter.

## PRAYER

56. For these reasons, Plaintiffs and Putative Class Members respectfully request that judgment be entered in their favor and the following relief be awarded :

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiffs and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ *Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com